IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD DEWAYNE BASSETT,

        Petitioner,          No. CIV S-11-1592 JAM GGH P

   vs.

MIKE McDONALD, Warden, et al.,       ORDER &

        Respondents.         FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254. Petitioner pled no contest to second degree robbery, forcible rape, kidnapping and admitted use of a firearm was sentenced in 2009 to a term of forty years and four months. Petition, p. 1; Answer, p. 8. Petitioner lists his grounds as (1) Preliminary Hearing Issues; (2) Plea Bargain Issue; and (3) Ineffective Assistance of Counsel. Petition, pp. 6-14.

        Pending before the court are petitioner's 1) motion to compel production of documents from trial counsel, filed on July 20, 2011; 2) motion for leave to amend petition, filed on August 15, 2011, to which respondent filed an opposition on August 16, 2011; 3) petitioner's motion for emergency injunctive relief, to which respondent filed opposition on August 31, 2011; 4) petitioner's motion to dismiss without prejudice to refiling and request of a writ of mandate to

1

exhaust state remedies, filed on August 29, 2011, to which respondent interposes a partial opposition, filed on August 31, 2011.

Motions for Leave to Amend/Stay

With respect to petitioner's request for a stay (contained within his motion for leave to amend), petitioner simply states that he agrees with respondent's characterization of (some of ) his claims as unexhausted and avers that he needs fifteen months to complete the exhaustion process.[1]  As respondent asserts in opposition, petitioner does not show good cause to amend his claims or explain why he could not have filed a fully exhausted petition.  Petitioner, therefore, makes no showing that he meets the requirements for a stay pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).  In Rhines, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation.  Rhines, supra, at 277-78, 125 S.Ct at 1535.  Therefore, the court is left to recommend granting a stay pursuant to King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)), wherein petitioner "will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King, supra, 564 F.3d at 1140-41.

Miscellaneous

Petitioner contends that he has been impeded in his efforts to secure documents related to his trial court proceedings from his trial counsel, Jesus A. Rodriguez.  He avers that he

---

[1] In his latest filing, a motion to dismiss without prejudice, petitioner asks that his petition be dismissed without prejudice to re-filing once he exhausts state court remedies.  Respondent, in partial opposition, is correct that while the petition could be dismissed without prejudice, the dismissal would not be without consequence if, for example, a later federal petition would be untimely.  The court will construe this motion as an additional motion for a stay, and will deny it as unnecessary and duplicative.

2

has repeatedly sought by way of letters to Mr. Rodriguez all written correspondence between petitioner and his trial counsel during and after the trial court proceedings, all documents referenced during the proceedings and the transcript of the proceedings. Petitioner insists that the documents include his mental health records from time periods relevant to the trial court proceedings, including progress notes as well as psychotropic medication prescription orders, and administrative medication records from Butte County Jail. Petitioner contends "he will be greatly prejudiced" should he not have access to these documents. Motion (docket # 16), pp. 1-2 & Exhibit A, petitioner's declaration. Petitioner may choose to subpoena the records he seeks through the state court as he proceeds to exhaust remaining unexhausted remedies. In any event, this court's recommendation for a stay moots this motion to compel in this court.

As to petitioner's motion for emergency injunctive relief to be permitted access to his legal property while he is confined to administrative segregation, petitioner asks for an order requiring respondents' agents to issue his legal property to him prior to August 22, 2011, in order for him to be able to litigate this action. Again, this motion has been mooted both by the date by which he seeks an order and by the present posture of this case.[2]

Accordingly, IT IS ORDERED that:

1. Petitioner's motion to compel, filed on July 20, 2011 (docket # 16), is denied as moot;

2. Petitioner's motion for emergency injunctive relief, filed on August 19, 2011 (docket # 23), is denied as moot;

3. Petitioner's motion to dismiss without prejudice, filed on August 29, 2011 (docket # 24), is construed as an additional motion for a stay and abeyance and, as such, is denied as duplicative and unnecessary.

---

[2] The court notes, however, that respondent's opposition to this motion, evidently based on the premise that those who engage in bad behavior should not be entitled to a right of access to the courts is dubious at best.

1    IT IS HEREBY RECOMMENDED that:

2    1. Petitioner's motion for a stay, filed on August 15, 2011 (docket # 20), be
3  granted and this matter be stayed pursuant to King v.Ryan, 564 F.3d 1133 (9th Cir. 2009),
4  pending exhaustion of state court remedies of unexhausted claims;

5    2. Petitioner be directed, immediately upon exhaustion, to inform the court and to
6  file an amended petition containing all of his exhausted claims.

7    These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
9  days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served and filed within fourteen days after service of the objections.  The parties are
13 advised that failure to file objections within the specified time may waive the right to appeal the
14 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15 DATED: September 26, 2011

16                    /s/ Gregory G. Hollows
                     UNITED STATES MAGISTRATE JUDGE

19 GGH:009
   bass1592.ofr