UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DEWAYNE BASSETT, | No. 2:11-cv-1592 TLN AC P |
| Petitioner, | |
| v. | ORDER |
| MIKE McDONALD, Warden, et al., | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed an application pursuant to 28 U.S.C. § 2254. Respondent filed an amended answer on November 14, 2013. Thereafter, petitioner filed a document asking this court to issue a letter to C. Davis, LTA, directing him to copy a motion that petitioner wishes to serve upon the Attorney General. ECF No. 45. Petitioner includes a counseling chrono he received from High Desert State Prison Facility B Law Librarian Davis on October 13, 2013, stating that when she informed petitioner that he did not need to serve a document filed in this court upon the Attorney General, petitioner argued, threatened to file a 602, and was removed from the law library by several correctional officers. Id. at 3. LTA Davis documented the incident as a violation of Cal. Code Regs. Title 15 § 3004 (prohibiting the open display of disrespect for others). Id. at 3.

Local Rule 135(b) provides that pro se inmate litigants must conventionally serve documents and may not rely on the notice of electronic filing that follows docketing of papers by

1

the court. In this case, however, the chrono reflects that the institution's litigation coordinator had confirmed with LTA Davis that conventional service was not necessary. LTA Davis refused to provide the requested copies because of the litigation coordinator's position. It is unclear to the court whether the litigation coordinator has authority to waive conventional service on behalf of the warden. In the interest of judicial economy, the court will deem ECF Nos. 45 and 46 properly served. The request at ECF No. 45 will therefore be denied as moot. Respondent is advised for future purposes to either formally waive conventional service or ensure access to copying of documents necessary for such service.

Petitioner has subsequently requested an extension of time to file a traverse and an "emergency order" granting both law library access and access to his legal property in order to prepare his traverse. ECF No. 46. This court lacks jurisdiction, within the context of a habeas corpus proceeding, to grant the relief sought by petitioner. Federal courts are courts of limited jurisdiction. "[T]he judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.' " Flast v. Cohen, 392 U.S. 83, 94 (1968). "The absence of either denies a federal court the power to hear a matter otherwise before it." Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).

Petitioner, presently confined at High Desert State Prison, is proceeding on a petition challenging his conviction following a no contest plea to second degree robbery, forcible rape and kidnapping. Petitioner, who admitted to the use of a firearm, was sentenced in 2009 to a term of forty years and four months. Petition, ECF No. 1. Petitioner raises the following grounds: 1) preliminary hearing issues; 2) plea bargain issue; and 3) ineffective assistance of counsel. Id.

The court's jurisdiction in this matter, and thus its power to grant relief, is limited and circumscribed by the issues presented in the petition.[1] The right to law library access or to access to his legal property is not a claim at issue, and in any case a claim of a denial of a right of access to the court's would have to proceed by way of an action under 42 U.S.C. § 1983 and meet the

---

[1] Moreover, the United States Supreme Court has held that denial of law library access does not provide the basis for federal habeas corpus relief because no Supreme Court case clearly establishes a pro se petitioner's constitutional right to law library access. Kane v. Garcia Espitia, 546 U.S. 9, 10 (2005); see also Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir.2006).

actual injury requirement. See Lewis v. Casey, 518 U.S. 343, 349-355 (1996); Bounds v. Smith, 430 U.S. 817 (1977). Therefore, the court cannot issue an "emergency order" of the type petitioner seeks.

Nevertheless, the court will require respondent warden to inform the court, within fourteen days, whether petitioner is being denied all access to the prison law library and to his legal property. If petitioner's claims are exaggerated, petitioner will be required to file his traverse forthwith, absent which the matter will be deemed submitted. If all law library access and access to his relevant legal property is being denied, respondent should provide petitioner reasonable access as soon as possible so that this matter may be submitted.

Accordingly, IT IS HEREBY ORDERED that:

1. The documents at ECF Nos. 45 and 46 are deemed properly served upon respondent;

2. Petitioner's request for an order requiring provision of service copies (ECF No. 45) is denied as moot;

3. Petitioner's request for an extension of time to file a traverse (ECF No. 46) is granted;

4. Petitioner's motion for an emergency court order directing High Desert State Prison to provide petitioner with access to his property and to the law library is denied (ECF No. 46); however,

5. Respondent warden or his designee is directed to file a response within fourteen days regarding petitioner's access to the law library and his relevant legal property;

6. Upon receipt of respondent's response to this order as set forth above, the length of the time extension for filing a traverse will be provided.

DATED: January 7, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE