UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DEWAYNE BASSETT,<br><br>Plaintiff,<br><br>v.<br><br>MIKE McDONALD, Warden,<br><br>Defendant. | No. 2:11-cv-1592 TLN AC<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition, which was previously stayed to permit further exhaustion, presents three claims challenging petitioner's conviction following a plea of no contest to kidnaping, rape, and robbery, with gun enhancements on each count. ECF No. 1. Respondent has answered. ECF No. 43. Petitioner did not file a traverse, and the time for doing so has expired. See ECF No. 50.

FACTUAL AND PROCEDURAL BACKGROUND

I.   State Court Proceedings

On October 10, 2008 at approximately 1:30 a.m., a Chico State student was accosted by a stranger as she walked across campus. The man grabbed her by the arm, held a gun to her head, pulled her into the bushes, and raped her. The man left with the victim's panties and cell phone, which were later found elsewhere on campus. A DNA "cold hit" subsequently linked petitioner

1

to the semen found on the victim's panties.  RT 8 (factual basis for plea)[1]; ECF No. 43 at 16 (Ex. A to Answer (opinion of California Court of Appeal)).

On January 23, 2009, petitioner was charged in Butte County with kidnap for rape, Cal. Penal Code § 209(b)(1); forcible rape, id., § 261(a)(2); and robbery, id., § 211.  CT 3-5 (felony complaint).[2]  A prior violent felony conviction was alleged.  Id.  On the same date, petitioner was arraigned, advised of his rights including the right to a preliminary hearing, and entered a not guilty plea.  CT 7-8, 10.

On March 11, 2009, the defense waived preliminary hearing.  CT 13.

On June 22 or 23, 2009,[3] the trial readiness conference was continued to permit further discussion between petitioner and his counsel regarding a potential plea bargain.  CT 18 (minute order); RT 17:13-17.  On June 25, 2009, petitioner changed his plea.  Count One was amended from kidnap for rape, Cal. Pen. Code § 209(b)(1), which carries a mandatory life sentence, to simple kidnap, Cal. Penal Code § 207(a), which is punishable by imprisonment for three, five or eight years.  CT 20 (minutes of change of plea hearing), 14 (information amended by interlineation); see Cal. Penal Code §§ 207(a), 208, 209(b)(1).  Allegations that petitioner was armed with a firearm were added to each of the three counts.  CT 14 (annotations indicating amendments); RT 2-3.  Petitioner entered no contest pleas to all charges, as amended.  CT 20.  He waived his trial rights in writing and orally on the record.  CT 20-25; RT 3-9.

On August 11, 2009, petitioner was sentenced to a term of forty years and four months. CT 92; RT 17-18.

Petitioner appealed, raising two claims of sentencing error.  The Court of Appeal modified the judgment on April 9, 2010, striking the order of restitution to the Butte County Jail and the order that petitioner have no visitation with the victim.  ECF No. 43 at 16-17 (opinion of California Court of Appeal).

---

[1] "RT" refers to the Reporter's Transcript on Appeal, lodged in this court on August 1, 2011. See ECF No. 18.
[2] "CT" refers to the Clerk's Transcript on Appeal, lodged in this court on August 3, 2011. See ECF No. 19.
[3] The record contains inconsistent dates.

2

On September 16, 2010, petitioner filed a petition for writ of habeas corpus in the superior court. On September 20, 2010, the superior court denied the petition in a check-the-box form order. On or about October 15, 2010, petitioner filed an identical petition in the Court of Appeal for the Third District. That petition was denied without comment or citation on October 28, 2010. On November 17, 2010, petitioner filed an identical petition in the California Supreme Court. Lodged Doc. 5.[4] That petition was denied without comment or citation on May 18, 2011. Lodged Doc. 6.[5]

## II. Federal Court Proceedings and Further Exhaustion

On June 13, 2011, petitioner initiated the instant action by filing a petition for writ of habeas corpus in this court. ECF No. 1. Respondent answered, asserting inter alia that petitioner's first and second grounds for relief were unexhausted because petitioner had not identified the federal bases of the claims in state court. ECF No. 17. Petitioner moved for leave to amend, ECF No. 20, and for dismissal without prejudice to refiling and a writ of mandate to exhaust state remedies, ECF No. 24. The magistrate judge previously assigned to the case construed the motions as seeking a stay pending exhaustion, ECF No. 26, and a stay was granted on November 14, 2011, ECF No. 27.

On November 11, 2011, petitioner filed a petition for writ of habeas corpus in the Butte County superior court. On December 1, 2011, the superior court denied the petition in a check-the-box form order. Petitioner next sought relief in the Court of Appeal for the Third District,

////

---

[4] The superior court and appellate court petitions and orders are attached as exhibits to petitioner's California Supreme Court petition, Lodged Doc. 5.

[5] Rather than submitting a copy of the California Supreme Court's order, respondent filed a copy of that court's docket sheet for petitioner's habeas matter. Lodged Doc. 6. A docket sheet may be competent evidence of the date that an order was filed, but it is not an order and does not conclusively establish the contents of the orders it references. The undersigned does not consider a docket sheet to be an appropriate basis for review of a state court adjudication under § 2254. In this case, the record contains the order of the California Supreme Court as an attachment to petitioner's second habeas petition filed in the California Supreme Court, Lodged Doc. 7. Accordingly, the court will not order respondent to correct Lodged Doc. 6. In the future, counsel for respondent should provide copies of California Supreme Court orders, rather than docket sheets, when submitting the state court record in habeas cases.

1   which denied his petition without comment or citation on January 12, 2012.[6]

2   On April 27, 2012, petitioner filed a motion for leave to amend in the instant action. ECF
3   No. 28. Petitioner indicated that he had been unable to complete the exhaustion process due to
4   recent "behavior issues when off his psychotropic medication," and the resulting deprivation of
5   access to his legal property. Id. at 2. Petitioner sought to proceed on the fully exhausted ground
6   three. Id.

7   By order filed on May 17, 2013, the stay was lifted; petitioner's motion to amend his
8   petition was granted; and petitioner was directed to file within thirty days either an amended
9   petition containing exhausted claims only or a statement of exhausted claims in the original
10  petition on which he elected to proceed. ECF No. 39. On May 30, 2013, petitioner filed a
11  document indicating that he sought to proceed on grounds two and three of his original petition.
12  ECF No. 40. Petitioner also stated that he might seek leave to amend at some point in the future.
13  Id.

14  On June 10, 2013, petitioner filed a habeas petition in the California Supreme Court.
15  Lodged Doc. 7. That court denied the petition on August 14, 2012. ECF No. 41 at 4.

16  On September 9, 2013, petitioner filed a motion to amend in this court, reporting that all
17  three of his claims were now exhausted and seeking to proceed on the original petition. ECF No.
18  41. The undersigned granted the request, and directed respondent to file an amended answer or
19  dispositive motion. ECF No. 42. Respondent filed a superseding answer on November 14, 2013.
20  ECF No. 43. Petitioner was thereafter granted an extension to file a traverse, but failed to do so
21  within the time provided. See ECF Nos. 47, 50.

22                          STANDARDS GOVERNING HABEAS RELIEF

23  28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of
24  1996 ("AEDPA"), provides in relevant part as follows:

25      (d) An application for a writ of habeas corpus on behalf of a person
        in custody pursuant to the judgment of a state court shall not be
26      granted with respect to any claim that was adjudicated on the merits

---

[6] The superior court and appellate court petitions and orders are attached as exhibits to petitioner's California Supreme Court petition, Lodged Doc. 7.

4

in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 131 S. Ct. 770, 785 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. at 784-785 (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but circuit law has persuasive value regarding what law is "clearly established" and what constitutes "unreasonable application" of that law. Duchaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000); Robinson v. Ignacio, 360 F.3d 1044, 1057 (9th Cir. 2004).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

////

5

1 Review under § 2254(d) is limited to the record that was before the state court. Cullen v.
2 Pinholster, 131 S. Ct. 1388, 1398 (2011). The question at this stage is whether the state court
3 reasonably applied clearly established federal law to the facts before it. Id. In other words, the
4 focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 1399. Where the
5 state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the
6 state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th
7 Cir. 2008) (en banc). A different rule applies where the state court rejects claims summarily,
8 without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court
9 denies a claim on the merits but without a reasoned opinion, the federal habeas court must
10 determine what arguments or theories may have supported the state court's decision, and subject
11 those arguments or theories to § 2254(d) scrutiny. Richter, 131 S. Ct. at 786.

12 Relief is also available under AEDPA where the state court predicated its adjudication of
13 a claim on an unreasonable factual determination. Miller-El v. Dretke, 545 U.S. 231, 240 (2005);
14 Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir.), cert. denied, 543 U.S. 1038 (2004). The
15 statute explicitly limits this inquiry to the evidence that was before the state court. 28 U.S.C. §
16 2254(d)(2).

17 To prevail in federal habeas proceedings, a petitioner must establish the applicability of
18 one of the § 2254(d) exceptions and also must also affirmatively establish the constitutional
19 invalidity of his custody under pre-AEDPA standards. Frantz v. Hazey, 533 F.3d 724. There is
20 no single prescribed order in which these two inquiries must be conducted. Id. at 736-37. The
21 AEDPA does not require the federal habeas court to adopt any one methodology. Lockyer v.
22 Andrade, 538 U.S. at 71.

23 <center>PETITIONER'S CLAIMS</center>

24 I.     Ground One: Preliminary Hearing Issues
25    A. Petitioner's Allegations

26 In his first ground for relief, petitioner alleges that counsel talked him into waiving a
27 preliminary hearing and consenting to be charged by information. Counsel did not explain to
28 petitioner that he might face gun enhancements. Petitioner claims that the gun enhancements

1   could not have been supported by evidence "other than a statement by an intoxicated victim," and
2   that he did not in fact use a gun. He would not have waived preliminary hearing had he been
3   properly advised of the possibility of gun enhancements being added by information. ECF No. 1
4   at 6.

5       B. Timeliness

6       Respondent contends that the constructive removal of Ground One from the petition at the
7   time of the stay, and its subsequent "re-addition" to the Petition, render it time-barred. ECF No.
8   43 at 1.

9       Section 2244(d) (1) of Title 28 of the United States Code contains a one year statute of
10   limitations for filing a habeas petition in federal court. The one year clock generally commences
11   on "the date on which the judgment became final by the conclusion of direct review or the
12   expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time during
13   which a petitioner is properly seeking state court post-conviction relief is excluded from the
14   running of the limitations period. § 2244(d)(2).

15       The petition here was initially filed within the applicable limitations period. However, the
16   case was thereafter stayed pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), the
17   continuing vitality of which was affirmed by King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). ECF
18   No. 27. Under Kelly, a petitioner may amend his federal petition to delete unexhausted claims,
19   return to state court to exhaust the deleted claims, and later amend his federal petition to
20   reincorporate the newly-exhausted claims. Kelly, 315 F.3d at 1070-71. The deletion of claims
21   pending exhaustion distinguishes the Kelly procedure from stay and abeyance under Rhines v.
22   Weber, 544 U.S. 269 (2005). Petitioner did not receive a Rhines stay because he was unable to
23   demonstrate good cause for his failure to exhaust, as Rhines requires. ECF No. 27. As petitioner
24   was informed at the time the stay was entered, the Kelly procedure does not protect claims from
25   becoming time-barred during the course of exhaustion. Id. at 2 (citing King, 564 F.3d at 1140-
26   41).

27       Respondent is correct that, under Kelly and King, Ground One was constructively
28   dismissed upon stay of the action and must be deemed filed upon its restoration to the petition. If

7

the claim is deemed filed on September 30, 2013, when petitioner was granted leave to proceed on all claims of his original petition, a timeliness problem is plainly presented. However, respondent provides no briefing to support his assertion of the statute of limitations, and no calculation of the running of the limitations period and applicable periods of tolling. Moreover, respondent fails to address the relation back doctrine. Amendments to a timely-filed habeas petition are themselves timely if they "relate back" to the claims of the pending petition. Mayle v. Felix, 545 U.S. 644 (2005). Relation back requires a "common core of operative facts." King, 564 F.3d at 1141 (citing Mayle, 545 U.S. at 659). The facts alleged in petitioner's various grounds for relief significantly overlap, raising the possibility of a non-frivolous relation-back theory.

    The court need not undertake this analysis, however, or order further briefing, because Ground One does not state a cognizable basis for relief.

        C.   The Claim Is Barred Under *Tollett v. Henderson*

    "A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). The only constitutional claims cognizable after a guilty plea are those attacking the "voluntary and intelligent character of the guilty plea," Tollett, 411 U.S. at 267, including the claim that counsel's advice regarding the plea was not "within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771 (1970). Under this well-established authority, petitioner's guilty plea precludes him from raising independent claims that his rights were violated at or in relation to the preliminary hearing. See Mitchell v. Superior Court, 632 F.2d 767, 769 (9th Cir. 1980), cert. denied, 451 U.S. 940 (1981); Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.), cert. denied, 474 U.S. 981 (1985). Accordingly, petitioner is not entitled to relief on Ground One.

    To the extent petitioner contends that his waiver of preliminary hearing contributed to a subsequent invalid plea, the matter is properly considered in the context of Grounds Two and

Three.  Those claims, respectively alleging an involuntary plea and ineffective assistance of counsel in relation to the plea, repeat the allegation that petitioner's waiver of preliminary hearing was coerced and led to an invalid no contest plea.  The court now turns to those issues.

II.     Ground Two: Plea Bargain Issue

A.     Petitioner's Allegations

Petitioner alleges in Ground Two that the plea deal was obtained while petitioner "was under a lot of mental distress" and under the influence of psychotropic medications.  His lawyer did not advise him of the 40-year offer; petitioner learned about it from the prosecutor in court.  Counsel failed to advise petitioner that "the only way they could impose. . . the gun enhancements was through a plea."  Counsel "ordered" him to take the plea.  Petitioner was coerced into accepting the gun enhancements even though there was no gun.  ECF No. 1 at 9.

B.     The Clearly Established Federal Law

A plea of guilty is constitutionally valid only to the extent it is "voluntary" and "intelligent."  Brady v. United States, 397 U.S. 742, 748 (1970).  Voluntariness is determined on the basis of all the relevant circumstances.  Id. at 749.  A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in the constitutional sense "unless induced by threats . . . , misrepresentation . . . , or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business."  Id. at 755 (internal quotation marks omitted).  A plea is not involuntary merely because a defendant later discovers that "his calculus misapprehended . . . the likely penalties attached to alternative courses of action."  Id. at 757.  A defendant's representations at the time of his guilty plea, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings," as "[s]olemn declarations in open court carry a strong presumption of verity."  Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Where a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases."  McMann v. Richardson, 397 U.S. 759, 771 (1970).

9

1     C. The State Court's Ruling

2     The California Supreme Court denied petitioner's second state habeas petition with citation to In re Miller, 14 Cal. 2d 734, 735 (1941), which indicates that the petition was denied for the same reasons as petitioner's previous petition.[7] ECF No. 41 at 4.  Petitioner's first state habeas petition was denied by the California Supreme Court without comment or citation. Lodged Doc. 7 at Appendix C.  Accordingly, this court "looks through" the silent denial to the last reasoned state court decision.  See Ylst v. Nunnemaker, 501 U.S. 797 (1991).  Because the superior court issued the only reasoned decision adjudicating the claim, that would normally be the decision reviewed for reasonableness under § 2254(d).  See Bonner v. Carey, 425 F.3d 1145, 1148 n.13 (9th Cir. 2005).  However, the "check-the-box" form used by the superior court, which indicates several reasons for denial of the petition as a whole, does not specify which reasons apply to the involuntary plea claim.  Lodged Doc. 5 at Exhibit C (superior court order dated September 20, 2010); see also Lodged Doc. 7 at Appendix E (superior court order dated December 1, 2011).  Accordingly, this court's analysis must focus not on the state court's reasoning but on the ultimate AEDPA question: whether denial of the claim was objectively unreasonable in light of the governing U.S. Supreme Court precedents.  See Harrington v. Richter, 131 S. Ct. at 786.

    D. Objective Reasonableness

    The state courts' rejection of Ground Two was not unreasonable.  The allegations of the petition do not state a prima facie case of involuntariness, on any theory.  Petitioner alleges that his lawyer "ordered" him to take the plea, but does not allege any specific threats or misrepresentations.  There are no facts or circumstances here which would overcome the "strong presumption of verity" that attaches to petitioner's statements at the change of plea hearing that he was pleading no contest voluntarily, after sufficient consultation with counsel, and with full understanding of the consequences.  See Blackledge v. Allison, 431 U.S. at 74; see also Doe v. Woodford, 508 F.3d 563, 571 (9th Cir. 2007).

---

[7] Respondent does not contend that In re Miller constitutes a procedural bar to this court's consideration of the claim.

10

Petitioner does not allege any specific advice his attorney gave him in relation to the plea bargain that was outside the range of competence demanded of attorneys in criminal cases. See McMann v. Richardson, 397 U.S. at 771. The only allegation in this regard is that counsel failed to explain at the time of the preliminary hearing waiver that gun enhancements could later be added by information. Even if true, this does not implicate the voluntariness of the plea. In effect, the plea bargain traded gun enhancements for a reduction of the kidnap charge from kidnap for rape to simple kidnap. This trade enabled petitioner to receive a sentence of approximately 40 years instead of a mandatory life sentence. Even if counsel did not properly advise petitioner regarding the waiver of preliminary hearing, or did not adequately explain the plea bargain, petitioner cannot demonstrate prejudice.

Finally, petitioner refers to the emotional distress he was experiencing at the time of his change of plea, and to the fact that he was taking prescribed psychotropic medication, but he alleges no facts that suggest he was mentally incompetent to plead guilty. See Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam) (competence requires that a defendant have (1) "a rational as well as factual understanding of the proceedings against him," and (2) "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding."). Short of incompetence, petitioner's plea is not rendered unknowing or involuntary by emotional distress or psychiatric condition. See Godinez v. Moran, 509 U.S. 389 (1993) (rejecting a higher standard for competence to plead guilty than for competence to stand trial). Moreover, petitioner stated at the change of plea hearing that his judgment was not affected by any medications. RT 7. Petitioner has presented no evidence that would overcome the presumption of verity that applies to this statement. Absent incompetence, the usual voluntariness analysis applies. Godinez v. Moran, 509 U.S. at 401. Here, for the reasons already explained, petitioner has made no showing of involuntariness.

The judge who took petitioner's plea conducted a thorough colloquy and found that petitioner "freely, voluntarily, knowingly, expressly, explicitly, understandingly, and intelligently waived his various rights" and that his "pleas to Counts One, Two, Three and his admission of the enhancements, the enhancement pertaining to each count were freely and voluntarily made with

an understanding of the nature of the offenses and those enhancements and the consequences thereof." RT 9.  In light of the record before the state habeas courts, there was nothing unreasonable about their refusal to set aside those findings.  Accordingly, petitioner is not entitled to relief on Ground Two.

### III.     Ground Three:  Ineffective Assistance of Counsel

#### A.  Petitioner's Allegations

Petitioner alleges that counsel coerced him to waive preliminary hearing, without first investigating the gun allegations.  Counsel told petitioner that if he waived preliminary hearing he would face only the kidnaping, rape and robbery charges, with no additional charges or enhancements.  Counsel did not tell petitioner about the D.A.'s plea offer; petitioner learned of the proposed deal for the first time in court on June 22, 2009.  Petitioner had only three days to decide whether to take the deal.  Counsel did not tell petitioner that the only way he could get the gun enhancements was if he pled to them.  Petitioner would not have taken the deal had he understood this, because there was no gun.  Counsel did not inform petitioner of the sentencing implications of the gun enhancements.  Counsel failed to communicate with petitioner, failed to present a defense to the gun enhancements, and put pressure on petitioner to accept the deal. Counsel failed to advise the court that petitioner was taking psychotropic medication at the jail. ECF No. 1 at 11-13.

#### B.  The Clearly Established Federal Law

To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 692, 694 (1984).  Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.  The court need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong.  Id. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we

expect will often be so, that course should be followed.").

### C. The State Court's Ruling

The last reasoned state court decision on this claim, which is subject to review in this court under § 2254(d), is the September 20, 2010 order of the Butte County Superior Court. See Bonner v. Carey, 425 F.3d 1148 n.13 ("looking through" unexplained California Supreme Court denial to written decision of the superior court). The superior court checked two boxes that indicate grounds for denial specific to an ineffective assistance of counsel claim:

> 17. Petitioner has alleged claims of ineffective assistance of counsel, but has failed to state the prejudice Petitioner alleged resulted from this alleged ineffective assistance of counsel. Prejudice is defined as a "reasonable probability that a more favorable outcome would have resulted." (In re: Cox (2003) 30 Cal. 4th 974, 1020-21).
>
> 18. Petitioner alleges he was not afforded his constitutional right to effective defense counsel when Petitioner entered a plea to charges against him/her. The Court's review of the file indicates that Petitioner signed and/or initialed every box waiving rights on the written plea form, including those reflecting the maximum sentence, waiver of right to appeal, and limitations, if any, on "good time/work time" credits. The Court also finds no merit in Petitioner's claim of ineffective assistance of counsel. His signed and initialed plea form refutes every present claim of a right denied. (People v. Cooper (1992) 7 Cal. App. 4th 593).

Lodged Doc. 5, Ex. C.

### D. Objective Reasonableness

The state courts' denial of this claim was not objectively unreasonable. The United States Supreme Court has instructed reviewing courts to address the prejudice prong of an ineffective assistance claim first, where that will dispose of the claim. Strickland, 466 U.S. at 697. The superior court correctly stated the prejudice standard, and correctly applied it. As previously noted, petitioner's plea bargain resulted in a sentence of approximately 40 years, and reduced a charge that carried a mandatory life sentence. Petitioner has not alleged facts which, if true, would establish that he was prejudiced by counsel's advice to take the deal. There are no facts in the record which support a finding that a different outcome is probable if counsel had investigated petitioner's alleged use of a gun, or otherwise taken a different course.

////

The superior court also reasonably found that petitioner's waiver of rights in relation to the plea refutes his ineffective assistance claim. Both the oral colloquy, RT 3-9, and the written waiver form, CT 21-25, contain petitioner's acknowledgement that he understood the consequences of his plea and the sentence he would receive. This acknowledgement defeats the claim that petitioner was unaware of the sentencing implications of the gun enhancements. See CT 21 (acknowledging enhancements), CT 23 (acknowledging sentencing exposure), RT 4 (admitting enhancements), RT 5 (acknowledging understanding of maximum sentence). Petitioner also affirmatively stated that he was adequately advised in relation to his plea. RT 7. These statements are all entitled to a strong presumption of verity. Blackledge v. Allison, 431 U.S. at 74. It was not unreasonable of the superior court to apply that presumption.

For these reasons, petitioner is not entitled to relief on Ground Three.

## CONCLUSION

Accordingly, for all the reasons set forth above, it is hereby RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-eight days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////
////
////
////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 29, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE